Filed 5/21/25  P. v. Sanabrais CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR SANABRAIS,<br><br>    Defendant and Appellant. | G063775<br><br>(Super. Ct. No. 04NF2468)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan Fish, Judge. Reversed and remanded.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Victor Sanabrais appeals from the court's denial of his petition to recall his sentence and resentence him pursuant to Penal Code section 1172.75.[1] Defendant argues he is eligible for resentencing, but the Attorney General argues defendant is not entitled to resentencing because the court stayed punishment on his prior prison term enhancement under former section 667.5, subdivision (b). Pending review of the issue by our Supreme Court, we agree with defendant and reverse and remand for resentencing.

FACTS

In 2006, defendant pleaded guilty to one count of first degree residential burglary (§§ 459, 460, subd. (a)), one count of grand theft of an automobile (§ 487, subd. (d)(1)), three counts of street terrorism (§ 186.22, subd. (a)), one count of carjacking (§ 215, subd. (a)), and two counts of possession of a firearm by a felon (§ 12021, subd. (a)(1)). He also admitted various enhancements, including a prison prior allegation (former § 667.5, subd. (b)).[2]

The court sentenced defendant to state prison for a determinate term of 29 years in accordance with the plea agreement. Relevant here, the court also stayed punishment on the former section 667.5, subdivision (b) enhancement.

In 2023, defendant filed a petition for the court to recall and

---

[1] All further statutory references are to the Penal Code.

[2] We refer to a single prior prison term but note defendant refers to two prior prison terms while the Attorney General references one prior prison term. It appears the information and defendant's plea reference one prior prison term, but the court's minutes reference two prior prison terms.

resentence him pursuant to section 1172.75. The court noted the California Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for relief but declined to recall defendant's sentence "because all related enhancements were either stayed or stricken at the time of sentencing." The court's order also stated, "If Defendant appeals this decision, the briefing, oral and written arguments, transcripts, decision, and minutes in [*People v. Banuelos*, Orange County Superior Court case No. 16CF3259, and *People v. Eckstein*, Orange County Superior Court case No. 17CF0713, are] to be part of the trial court record for any action appeal."

DISCUSSION

Defendant contends the court erred by denying his resentencing petition. Pending direction from our Supreme Court, we agree.

Effective January 1, 2022, section 1172.75, subdivision (a) provides, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5, subdivision (b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The question before us is whether section 1172.75 entitles defendant to a resentencing hearing where punishment on his prior prison term was stayed.

The proper interpretation of a statute is a question of law that we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning . . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not

3

intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Here, there is a split of authority on the issue of whether a defendant, whose prior prison term enhancement under former section 667.5, subdivision (b) was stayed, is entitled to relief under section 1172.75. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 [section 1172.75 only applies to defendants with prison prior enhancements that were imposed and executed], with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189 [section 1172.75 requires resentencing for a prison prior enhancement that was imposed but stayed].) The issue is pending review by our Supreme Court.

We follow the majority of decisions that have interpreted section 1172.75 to include defendants whose prior prison term enhancements were imposed but stayed. (See, e.g., *People v. Christianson, supra*, 97 Cal.App.5th 300; *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673; *People v. Renteria* (2023) 96 Cal.App.5th 1276.) We therefore reverse the trial court's order denying defendant's request for resentencing on the ground that "related enhancements were either stayed or stricken."

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed, and the matter is remanded to the trial court

4

for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.



SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.